IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>BHT CONSTRUCTIONS LLC,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I") to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Colleen M. Bendel ("Bendel"), who was adversely affected by such practices. As alleged with greater specificity below, Defendant BHT Constructions LLC ("BHT"), subjected Ms. Bendel to discrimination based on her sex by failing to hire her because of her sex. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") further alleges that BHT failed to make and preserve records in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  BHT is a business headquartered within the jurisdiction of the U.S. District Court for the Southern District of Florida, Fort Lauderdale Division.

## PARTIES

3. EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. BHT is a construction contracting company based in Davie, Florida.

5. At all relevant times, BHT has continuously done business in Florida, and has continuously had at least 15 employees.

6. At all relevant times, BHT has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## CONDITIONS PRECEDENT

7. More than 30 days prior to the institution of this lawsuit, Ms. Bendel filed a Charge of Discrimination with EEOC alleging that BHT violated Title VII.

8. EEOC issued a Letter of Determination on May 23, 2019, finding reasonable cause to believe that the discrimination alleged occurred.

9. Prior to initiating this lawsuit, EEOC attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion, to remedy the discriminatory practices and provide appropriate relief.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11. Ms. Bendel is a female with over 20 years of experience as a heavy machine

operator.

## Ms. Bendel's Application Process

12. During 2017, BHT sought candidates for employment in the following heavy machine operator positions: Heavy Equipment Operator; Excavator Operator; and Bulldozer Operator. BHT posted these, and other, open positions online.

13. In response to BHT's online job postings in 2017, Ms. Bendel submitted applications for employment with BHT, but was not contacted by the company.

14. Ms. Bendel had the ability, necessary skills, and required qualifications to perform the job duties associated with the heavy machine operator positions to which she applied.

15. BHT, however, hired and employed Wendel Smith ("Smith"), a male, as an excavator operator.

16. Mr. Smith, a former colleague of Ms. Bendel's, advised Ms. Bendel that BHT hired him on the spot when he visited BHT's Clewiston, Florida worksite, and suggested that Ms. Bendel do the same.

17. On or about October 12, 2017, Ms. Bendel arrived at BHT's Clewiston, Florida worksite and was introduced to Peter Merritt ("Merritt"), a BHT worksite supervisor.

18. Mr. Merritt told Ms. Bendel that BHT was not hiring but he suggested that BHT may be hiring soon.

19. After Ms. Bendel left the BHT worksite, Mr. Merritt told Mr. Smith that BHT "do[es] not hire women."

20. Mr. Smith repeated Mr. Merritt's statement that BHT "do[es] not hire women" to Ms. Bendel.

21. On or about October 24, 2017, Ms. Bendel spoke with Mr. Merritt again. This time, Mr. Merritt told Ms. Bendel directly that "we are not allowed to hire women on this job."

22. Later that day, Ms. Bendel called BHT's corporate headquarters to complain. Ms. Bendel spoke with BHT's owner, Ariel Edry ("Edry").

23. Ms. Bendel told Mr. Edry about her online applications, her in person meeting with Mr. Merritt at the worksite, and Mr. Merritt's statements about not hiring women.

24. Mr. Edry denied knowledge of any prohibition on hiring women.

25. Mr. Edry instructed Ms. Bendel to email her resume to Yaniv Cohen ("Cohen"), BHT's Chief Operations Officer, and that Mr. Cohen would contact her to schedule an interview.

26. Nearly a month and a half later, Mr. Cohen contacted Ms. Bendel for a tryout interview at BHT's Clewiston, Florida worksite.

27. Notably, BHT did not require Mr. Smith to perform a tryout before it hired him.

28. At Ms. Bendel's tryout, Ms. Bendel operated an excavator machine in a routine fashion and received positive feedback from onsite managers.

29. After her tryout, Ms. Bendel was told that there were new positions available. However, when Ms. Bendel spoke with Mr. Cohen, he told her that all available positions were full.

30. Thereafter, Ms. Bendel spoke with Mr. Edry. Mr. Edry reassured Ms. Bendel that he heard that she did well in her tryout and further stated that he might be able to hire her for an upcoming project in West Palm Beach, Florida.

31. Ms. Bendel repeatedly followed up with Mr. Edry, but he never responded.

32. BHT never hired Ms. Bendel.

33. Ms. Bendel has suffered damages as a result of the conduct described herein.

## Recordkeeping Violation

34. During EEOC's administrative investigation, EEOC requested employment applications, applicant resumes, and personnel files from BHT.

35. BHT did not provide EEOC with the requested materials because it failed to preserve and maintain them since at least October 2017.

## STATEMENT OF CLAIMS

### COUNT I

36. Paragraphs 11 through 33 are fully incorporated herein.

37. BHT engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ms. Bendel to sex discrimination. Specifically, BHT discriminated against Ms. Bendel based on her sex by failing to hire her because she is a woman.

38. The effect of the practices complained of in Paragraphs 11 through 33, above, has been to screen out women from obtaining employment with BHT, and to deprive women of equal employment opportunities.

39. The unlawful employment practices complained of in Paragraphs 11 through 33, above, were done intentionally and with malice and/or with reckless indifference to Ms. Bendel's federally protected rights.

### COUNT II

40. Paragraphs 34 through 35 are fully incorporated herein.

41. Since at least October 2017, BHT has failed to preserve and maintain records

relevant to the determination of whether unlawful employment practices have been or are being committed in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

## PRAYER FOR RELIEF

WHEREFORE, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining BHT, its officers, directors, agents, managers, supervisors, employees, and all persons in active concert or participation with them, from participating in discriminatory conduct based on sex;

B. Grant a permanent injunction enjoining BHT, its officers, directors, agents, managers, supervisors, employees, and all persons in active concert or participation with them, from failing to hire applicants on the basis of sex;

C. Order BHT to institute and carry out policies, practices, and programs which provide equal employment opportunities for women;

D. Order BHT to make Ms. Bendel whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, instatement of Ms. Bendel or front pay in lieu thereof;

E. Order BHT to make Ms. Bendel whole, by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order BHT to pay Ms. Bendel punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G.      Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that BHT violated and continues to violate 42 U.S.C. § 2000e-8(c) and 29 C.F.R. § 1602.14;

H.      Order BHT to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c);

I.      Grant such further relief as the Court deems necessary and proper in the public interest; and

J.      Award EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: August 27, 2019

                    U.S. EQUAL EMPLOYMENT
                    OPPORTUNITY COMMISSION

                    SHARON FAST GUSTAFSON
                    General Counsel

                    JAMES L. LEE
                    Deputy General Counsel

                    GWENDOLYN YOUNG REAMS
                    Associate General Counsel

                    131 M Street, N.E.
                    Washington, DC 20507

                    ROBERT E. WEISBERG
                    Regional Attorney
                    Florida Bar No. 285676

        KRISTEN M. FOSLID
Supervisory Trial Attorney
Florida Bar No. 0688681


<u>/s/ Robert L. Adler</u>
ROBERT L. ADLER
Trial Counsel
Florida Bar No. 1004597

Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Phone: (305) 808-1783
Fax: (305) 808-1835
Robert.Adler@eeoc.gov

*Attorneys for Plaintiff*